■ In the Matter of AJOMAR TRANSPORTATION, INC., et al., Respondents, v NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES et al., Appellants. [750 NYS2d 110] —In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the State of New York Department of Health dated August 8, 2000, approving a request by the Nassau County Department of Social Services to reduce ambulette reimbursement rates for nonemergency medical transport of Medicaid recipients, the Nassau County Department of Social Services appeals, and the State of New York Department of Health separately appeals, as limited by their respective briefs, from so much of a judgment of the Supreme Court, Nassau County (Segal, J.), entered May 4, 2001, as granted that branch of the petition which was to vacate the determination.

Ordered that the judgment is reversed insofar as appealed from, on the law, with one bill of costs, that branch of the petition which was to vacate the determination is denied, and the proceeding is dismissed in its entirety.

In 1998 the Nassau County Department of Social Services (hereinafter the NCDSS) requested and received a waiver from the state and federal governments to implement a new plan for its nonemergency medical transportation program for Medicaid recipients. Under the existing plan, any provider meeting Medicaid requirements was eligible to participate and was reimbursed for transporting patients at rates established by the NCDSS. Trips were assigned to providers on a rotating basis, based on patient choice and availability. Providers were permitted to transport more than one individual in a single trip and collect the full reimbursement rate for each rider,

thereby multiplying their reimbursement for a single ride. The proposed plan was designed to eliminate this practice by permitting controlled group riding and reimbursement on a per-trip rather than per-rider basis, with an additional amount paid for each individual pick-up. The new plan also eliminated the open market and patient choice method of assignment and proposed to award all trips in specific zones or routes to the lowest bidder. After obtaining the waiver, the NCDSS issued a request for bids to its transportation providers, in response to which the Long Island Medical Transportation Association (hereinafter LIMTA), a coalition of ambulette companies operating in Nassau County, submitted a counter-proposal to charge a reduced flat rate on the condition that the NCDSS use their providers exclusively for five years. NCDSS representatives met with some LIMTA members to discuss the request for bids and the counter-proposal. Thereafter, the State of New York Department of Health (hereinafter the DOH) notified the NCDSS that the waiver had been withdrawn. Consequently, the NCDSS canceled the request for bids.

Since the NCDSS could not implement its proposed plan, it sought approval from the DOH for only a rate reduction. After discussions with NCDSS staff members and a review of the rates paid to ambulette companies in counties similar to Nassau County, the DOH approved the request. The petitioners, 18 privately-owned ambulette companies, some of whom were members of LIMTA, commenced this proceeding pursuant to CPLR article 78, among other things, to review the determination of the DOH approving the NCDSS rate reduction request. They contended, inter alia, that the DOH and the NCDSS failed to comply with the regulations governing rate changes. The Supreme Court granted the petition to the extent of vacating the determination, and the DOH and the NCDSS appeal. We reverse the judgment insofar as appealed from.

Rate schedules may not be implemented without the approval of the DOH (see 18 NYCRR 505.10 [f] [2] [ii]). Rate schedules submitted for approval "must be complete and contain the current department established rates, the locally established rates, or the locally prevailing rates for each transportation service" (18 NYCRR 505.10 [f] [2] [iii]). Approval will be given if "the plan satisfactorily demonstrates that appropriate modes of transportation are available to [Medicaid] recipients * * * and that the rates of payment for transportation are adequate to ensure the availability of transportation to and from medically necessary care and services" (18 NYCRR 505.10 [f] [2]).

The rate schedule submitted by the NCDSS for approval complied with the requirements of 18 NYCRR 505.10 (f) (2) (iii). Contrary to the petitioners' contention, the NCDSS request was approved with adequate consideration as to whether necessary transportation could be secured at the reduced rate (*see* 18 NYCRR 505.10 [f] [2]). The DOH considered its own analysis of rates in comparable counties, as well as information obtained by NCDSS in connection with its request for bids and its discussions with LIMTA regarding the counterproposal which indicated that providers were willing to participate at a lower rate. The petitioners contend that the lower rate was acceptable only if trips were assigned exclusively to LIMTA members so as to guarantee a certain volume of business. However, under the proposed plan, which could not be implemented because the waiver was withdrawn, providers would have been reimbursed on a per-trip rather than per-rider basis. Under the existing plan, they are still reimbursed on a per-rider basis, albeit at a reduced rate per rider. Consequently, any time there are multiple riders, the reimbursement rate is greater than it would have been under the proposed plan. The determination of the DOH had a rational basis, was not arbitrary or capricious, and therefore should not have been disturbed (*see Matter of Non-Emergency Transporters of N.Y. v Hammons,* 249 AD2d 124).

In light of our determination, it is unnecessary to address the appellants' remaining contention. Altman, J.P., McGinity, Luciano and Adams, JJ., concur.